PEOPLE v SMITH

1. CRIMINAL LAW—PROBATION REVOCATION—HEARING—DUE PROCESS
REQUIREMENTS.

The minimum due process requirements for a probation revoca-
tion hearing include (a) written notice of the claimed violations
of probation; (b) disclosure to the probationer of evidence
against him; (c) opportunity to be heard in person and to
present witnesses and documentary evidence; (d) the right to
confront and cross-examine adverse witnesses (unless the hear-
ing officer specifically finds good cause for not allowing confron-
tation); (e) a "neutral and detached" hearing body; and (f) a
written statement by the factfinders as to the evidence relied
on and reasons for revoking probation.

2. APPEAL AND ERROR—CRIMINAL LAW—PROBATION REVOCATION—
CONFRONTATION OF WITNESSES—REHEARING.

A defendant who was not allowed to confront and cross-examine
adverse witnesses at his probation revocation hearing and who
did not expressly waive his right to confrontation is entitled to
a rehearing where his right of confrontation may be exercised.

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted November 4, 1975, at Lansing. (Docket No.
22793.) Decided January 8, 1976.

Joseph Smith was convicted of larceny from the
person and placed on probation. From an order
revoking probation, defendant appeals. Order of
revocation reversed and remanded for new hear-
ing.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 568.
[2] 21 Am Jur 2d, Criminal Law §§ 333–344.
   81 Am Jur 2d, Witnesses § 464.

*Derengoski,* Solicitor General, *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Lee W. Atkinson,* Special Assistant Attorney General), for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and BRONSON and R. M. MAHER, JJ.

PER CURIAM. On September 24, 1970, defendant was sentenced to a term of 90 days in jail and 5 years probation, following his conviction for larceny from the person. MCLA 750.357; MSA 28.589. On December 21, 1973, defendant's probation was revoked and he was sentenced to a term of from 2 to 10 years in prison.

The United States Supreme Court decided in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), as applied to probation revocation proceedings in *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the minimum due process requirements for a probation revocation hearing:

"They include (a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) *the right to confront and cross-examine adverse witnesses* (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body * * * ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation]." *Morrissey v Brewer, supra,* 408 US at 489. (Emphasis supplied.)

Defendant, in the present case, was not afforded an opportunity to confront and cross-examine adverse witnesses at his revocation hearing. He was merely questioned by the trial judge who had no personal knowledge of any facts showing violation of probation. Since we are unable to find either an express waiver of defendant's right to confront and cross-examine adverse witnesses on this record or good cause stated by the trial court for not allowing confrontation, the order revoking probation is set aside, the sentence vacated and defendant remanded to the custody of the trial court without prejudice on the part of the court to conduct a proper hearing. Furthermore, we suggest that, in the event defendant's probation is again revoked, his presentence report be updated, in order to insure accurate information at sentencing. See *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559 (1971).