## PEOPLE v TAYLOR

Docket No. 49754. Submitted November 13, 1980, at Detroit.—Decided January 28, 1981.

Kathleen Taylor was charged with violation of probation. The notice of charges alleged that she had violated her probation by reason of her failure to report to her probation officer and her having moved from her last known address without permission and without making known her whereabouts. The defendant stood mute and demanded her right to a probation violation hearing. At the hearing in the Recorder's Court of Detroit, Clarice Jobes, J., neither the person who signed the notice of violation nor defendant's probation officer appeared personally. During the hearing, a representative of the probation department mentioned that the defendant had been arrested for several different charges. The trial judge revoked defendant's probation. The trial judge questioned the defendant about where her children were located and why she had returned to Michigan from her mother's home in Massachusetts. Defendant indicated that she had returned to Michigan to seek psychiatric help so that she could secure the release of her children from Massachusetts authorities. The trial judge apparently thought that defendant had said that she had returned to Michigan to be with her children, for at the sentencing hearing the judge remarked that the fact that defendant's testimony that she returned to Michigan to be with her children was indicative of a lack of her veracity, since the children were in Massachusetts. Defendant was thereafter sentenced to a prison term. Defendant appeals. *Held:*

1. Defendant's due process rights were violated by the failure of those persons bringing the charges and having personal knowledge of the same to appear at the probation revocation

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 567, 568.

[2, 3] 21 Am Jur 2d, Criminal Law § 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

hearing so as to permit defendant to confront these witnesses and by interjection into the hearing of allegations of misconduct not contained in the notice of charges.

2. The sentence imposed by the trial judge is constitutionally suspect by reason of the judge's apparent misunderstanding of the defendant's testimony, since that misunderstanding obviously caused the trial judge to believe that defendant had been untruthful in her testimony.

Reversed.

1. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION.

A proceeding for revocation of probation has two steps: 1) a factual determination that the violations charged in the notice of probation revocation have occurred; and 2) a discretionary determination that the proven charges warrant revoking probation.

2. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION — RIGHTS OF PROBATIONER.

A person facing revocation of probation is entitled to written notice of the charges against him or her prior to the revocation hearing and to an opportunity at the hearing to confront and cross-examine the persons bringing the charges, to explain away the charges and to produce witnesses on his or her own behalf; only evidence of those charges contained in the notice of charges may be considered at the hearing.

3. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION — TESTIMONY OF PROBATIONER.

An order revoking probation and imposing sentence must be set aside where the record establishes that the trial court misinterpreted the probationer's testimony in a way which caused the court to believe that the probationer had been untruthful in her testimony.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant on appeal.

Before: Bronson, P.J., and J. H. Gillis and Cynar, JJ.

Per Curiam. On March 1, 1977, defendant pled guilty to attempted carrying of a concealed weapon, MCL 750.92, 750.227; MSA 28.287, 28.424, and was placed on two years probation on March 18, 1977. On August 16, 1977, a notice of probation violation was lodged against defendant. On August 20, 1979, defendant was found to be in violation of the terms of her probation. Subsequently, on August 28, 1979, defendant's probation was revoked, and defendant was sentenced to 1-1/2 to 2-1/2 years in prison. Defendant appeals as of right.

Defendant was charged with violating her probation in two specific respects: (1) failing to report to her probation officer; and (2) moving from her last known address without permission and without making her present whereabouts known. Defendant did not admit the charges, but instead stood mute, exercising her right to a probation violation hearing. Neither the individual signing the notice of violation nor defendant's probation officer appeared personally at defendant's hearing.

A revocation proceeding has two steps: (1) a factual determination that the violations charged in the notice have occurred; and, (2) a discretionary determination that the proven charges warrant revoking probation. *People v Givens,* 82 Mich App 336, 339; 266 NW2d 815 (1978). The probationer is entitled to written notice of the charges against him or her, an opportunity to explain away the charges, and the right to produce witnesses, as well as to cross-examine and confront witnesses. *Givens, supra, People v Martin,* 61 Mich App 102, 107; 232 NW2d 191 (1975), *People v Leroy Jackson, Jr,* 63 Mich App 241, 247-248; 234 NW2d 467 (1975), *People v Rial,* 399 Mich 431,

439-440; 249 NW2d 114 (1976) (LEVIN, J., concurring). Only evidence relating to the charges may be considered and on the basis of that evidence alone is the decision to revoke probation *vel non* made. *Givens, supra,* 341, *Leroy Jackson, Jr, supra,* 247, *People v Elbert,* 21 Mich App 677, 681-682; 176 NW2d 467 (1970). If any allegations of misconduct are to be raised at the hearing, they must be included in the notice of violation so as to afford a defendant an opportunity to prepare to defend against them. *Id.*

The failure of defendant's probation officer to appear personally to assert facts based on personal knowledge related to defendant's failure to report denied defendant her due process right to confront witnesses. *Givens, supra,* 340, *inter alia.*

Also violative of defendant's due process rights was the allegation of misconduct raised at the hearing which was not included in the notice of violation. A probation officer, other than defendant's, stated at the hearing:

"Only thing I can say is while she was in Massachusetts she picked up a case for possession of stolen credit cards and they wired Detroit back in March of this year letting us know she had been arrested in Massachusetts. She also has a pending case in Dearborn Heights for a stolen car charge and a traffic warrant in Detroit."

As the court did not indicate the bases upon which the decision to revoke probation was made, we cannot say with any degree of assurance that the court did not, at least in part, rely on these allegations in revoking defendant's probation. To the contrary, the only indication in the record is the court's expression of concern over these allegations. As they could not be considered at all in the decision to revoke, their injection into the hearing

without notice to defendant impermissibly tainted the proceeding.

Finally, we conclude that the sentence given defendant, as well as the underlying decision to revoke probation which resulted in defendant being sentenced, were based on an inaccurate perception on the part of the lower court.

At defendant's hearing, she was questioned regarding her children: specifically, their whereabouts. Defendant responded, stating that they were in a foster home and that she (defendant) had returned to Michigan to seek the psychiatric care which she had been told was required in order for defendant to "get my kids back". Apparently, although the record is unclear, defendant's children, who at the time had been living with her, were removed from her custody by Massachusetts authorities.

Later in the hearing, the court and defendant engaged in the following colloquy:

"THE COURT: * * * When you raise children, ma'am, you take care of them. You do not go to another state and leave them.

"DEFENDANT: I didn't leave my kids. They took my kids up there, they told me I had to seek psychiatric help or I couldn't get them back. I couldn't get the help I needed up there and I came back home."

Still later, the court again queried defendant regarding her return to Michigan.

"THE COURT: Why did you come back to Michigan?

"DEFENDANT: Because I told you, I couldn't get the help I needed to get my kids back and they kept lying to me, telling me to save up money, put money in the bank and get an apartment and they would give me back my son, but they never did. My father told me to come back home."

That the court's apparent perception of what defendant told the court played an important part in the decision to revoke probation and in the sentence thereafter meted out is obvious from the statement of the court at defendant's sentencing:

"THE COURT: Well, she told me when she was last here that she came to Detroit to establish a home for her children and it now appears her children are in Massachusetts. And also appears that one of the children is already placed for adoption. I think that about sums up the extent of the veracity of her."

This statement indicates that the court thought that defendant had said that she returned to Detroit to be with her children and that the court thought that defendant had lied at that time since the children were already in Massachusetts for some time. However, the excerpted portions of the violation hearing clearly show that defendant was truthful in regard to the whereabouts of her children. Unfortunately, the court's faulty perception played a major role in its assessment of defendant's character and in its disposition of defendant's case. This error served to render defendant's sentence constitutionally suspect, as well as to cast further doubt upon the decision to revoke probation.

In summary, we conclude that the order revoking defendant's probation must be set aside and her sentence vacated and that this matter be remanded to Recorder's Court without prejudice to the court's power to conduct a proper hearing on the charges contained in the notice of probation violation. At such hearing, if held, only evidence germane to those charges shall be heard and considered.