## PEOPLE v LONGMIER

Docket No. 52322. Submitted November 9, 1981, at Detroit.—Decided
    March 18, 1982.

Mary Ann Longmier was found to have violated probation, proba-
    tion was revoked, and she was sentenced to prison, Recorder's
    Court of Detroit, Dalton A. Roberson, J. The notice of probation
    violation alleged that Longmier had failed to report to the
    probation office and that her whereabouts had been unknown.
    Defendant appeals, alleging that she was denied her right to
    confrontation because the trial court made findings with re-
    spect to conduct other than that charged in the notice of
    probation violation. *Held:*

Only evidence relating to the charge may be considered at a
    probation revocation hearing. Here, the trial court made refer-
    ence to the defendant's use of heroin, an allegation which was
    raised by the court and denied by the defendant. The notice of
    probation violation charged only the failure to report. The
    defendant was denied a proper hearing.

The revocation order is vacated and the case remanded for a
    new revocation hearing.

D. F. WALSH, J., dissented. He would hold that the trial
    court's remarks regarding drug use were no more than an
    expression of the court's belief that the drug use was the
    reason why the defendant failed to report to the probation
    office and that the failure to report was the sole reason for
    revocation of the defendant's probation. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION REVOCATION — STATUTES.

A probationer charged with a probation violation is entitled to a
    written copy of the charge and a hearing on the charge; at the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law §§ 578, 579.

Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.

hearing he is entitled to be heard and to present witnesses and documentary evidence on his behalf (MCL 771.4; MSA 28.1134).

2. CRIMINAL LAW — PROBATION REVOCATION — EVIDENCE.

Only evidence relating to a charge of probation violation may be considered at a probation revocation hearing and only such evidence may provide the basis for a decision to revoke probation.

DISSENT BY D. F. WALSH, J.          ˙

3. CRIMINAL LAW — PROBATION REVOCATION.

*A trial court's remarks at a probation revocation hearing which expressed the court's belief as to the reasons for the probationer's failure to report to the probation officer should not be considered to be findings of violations of the probation other than that charged where the record contains clear and explicit statements that the court was revoking probation solely on the basis of the violation charged, that being the failure to report.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Beverly A. Hall,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Defendant, Mary Ann Longmier, was sentenced in Recorder's Court of Detroit on March 26, 1980, to a prison term of three to five years for violation of probation received for her October 24, 1978, conviction of attempted manslaughter.

On appeal, defendant claims that she was denied her due process right to confrontation because the trial court made findings with respect to conduct not charged in the notice of probation violation.

The notice of probation violation alleged that defendant had violated the probation order by failing to report to the probation office since January 10, 1979, and that her whereabouts were unknown to the probation office. At the probation revocation hearing, defendant pled not guilty to the charges. Defendant's probation officers presented sufficient evidence to show that defendant had violated the terms of her probation order. However, the record indicates that the trial court may have considered alleged misconduct that was not charged in the notice of probation violation.

In issuing its ruling, the trial court made the following statement:

"Based on the testimony I heard here today, that is the testimony of Mrs. Hodgson and Mrs. Judy Bica, I find that your client is guilty of violation of probation. She did not report as ordered and that the whereabouts are unknown.

"Mrs. Hodgson testified that she left a note. She went out there where she was supposed to be living and was unable to locate her. Based on all that I find that she is in violation of her probation in that she did not report and therefore does not warrant further probation from me.

"Further I want to say Mr. Bracy, I know you were not here at sentencing, I took into special consideration her pregnancy, the fact of her income and everything when I sentenced her.

"She killed a man and pled guilty to attempt *[sic]* manslaughter.

"I did not assess any cost to her because I knew she didn't have any resource *[sic]*. I knew that many times they come up here and say well the probation officer said if I didn't have any money when I come back they were going to put me in jail and I avoided that.

"I didn't assess any cost. She had no reason not to report.

"I'm sure that if she called Mrs. Bica and told her I'm

in the hospital and I just had a baby, I can't report, that would have been noted in the record.

"There is no problem with that; but I don't think she made any effort to do anything except get out and start shooting drugs. I am not going to conspire to aid her to shoot drugs.

"So the only thing I can do is lock her up and she won't be albe *[sic]* to get them, unless she can get them in there."

A probationer is entitled to be heard and to present witnesses and documentary evidence at a probation revocation hearing. *People v Rocha,* 86 Mich App 497; 272 NW2d 699 (1978). The probationer is entitled to a written copy of the charge and a hearing on the charge. MCL 771.4; MSA 28.1134. Only evidence relating to the charge may be considered, and only such evidence may provide the basis for a decision to revoke the probationary order. *People v Elbert,* 21 Mich App 677; 176 NW2d 467 (1970).

Although the trial court stated that defendant's probation was to be revoked because defendant failed to report to her probation officer or make her whereabouts known, the trial court apparently allowed uncharged conduct to taint its decision. See *People v McNeil,* 104 Mich App 24; 303 NW2d 920 (1981). The court referred to defendant's alleged use of heroin, an allegation raised only by the trial court and denied by defendant. Therefore, defendant was not accorded a proper revocation hearing and the order revoking her probation must be vacated. *People v Givens,* 82 Mich App 336, 341; 266 NW2d 815 (1978).

Accordingly, we order a new revocation hearing before a different Recorder's Court judge.

Order vacated and remanded.

D. F. WALSH, J. *(dissenting)*. I must dissent. Defendant, Mary Ann Longmier, was charged with violating the terms of her probation. Specifically, she was charged with failing to report in accordance with the terms of the probation order. It was also alleged that the probation office had no knowledge of her whereabouts.

Defendant had a hearing on the petition for revocation of probation at which she was represented by counsel. The court found, and stated explicitly on the record, that the defendant had violated the terms of her probation because "she did not report and therefore does not warrant further probation from me". The evidence introduced at the hearing supports the court's finding.

At the hearing, however, there were presented on behalf of the defendant, in the form of testimony and argument, various excuses for her failure to report. The court simply did not believe the excuses. As I read the record, the court's remarks about the defendant's use of drugs amounted to no more than an expression of the court's belief that the real reason the defendant failed to report was that she had reverted to the use of drugs and made no effort to comply with the terms of her probation. The fact that the court rejected the defendant's exculpatory testimony and argument and believed instead that drugs were the cause of her unwillingness or inability to adhere to the conditions upon which she was allowed to avoid incarceration does not transform the court's clearly stated finding that the defendant had violated her probation because she failed to report into a finding that she violated her probation because she was using drugs. It seems to me that we have not yet reached the point where every remark made by a trial court on the record must be accepted by this Court as a finding of fact upon

which the trial court based whatever action it took in the case, especially where the record contains, as it does in this case, clear and explicit state-ments to the contrary.

The keystone of any probationary program is the continued supervision of the defendant by an officer of the court. The requirement that the probationer report to the probation agent, there-fore, is absolutely essential to the effectiveness of the order of probation. Mary Ann Longmier killed a man. The court accepted a plea of guilty to attempted manslaughter and placed her on proba-tion. She reported a few times between November, 1978, and January 10, 1979. Thereafter she did not report and her whereabouts were unknown to the court for more than a year. In my judgment, the court properly revoked probation and did so solely on the basis of the violation charged in the war-rant. I would affirm.