PEOPLE v BANKS

Docket No. 57822. Submitted April 8, 1982, at Detroit.—Decided May 20, 1982.

Wiley L. Banks was convicted of breaking and entering an occupied dwelling. He was placed on probation. Defendant was later charged with a violation of the terms of his probation by possessing burglary tools. He was convicted and sentenced to prison, Detroit Recorder's Court, Geraldine Bledsoe Ford, J. Defendant appeals claiming the court impermissibly considered evidence of conduct that was not charged in the notice of probation violation and that his sentence of from 5 to 15 years imprisonment is cruel and unusual punishment. *Held:*

1. The trial court did not consider uncharged activities at the probation violation hearing. The objected-to comments by the court occurred at the sentencing proceeding and did not weigh in the trial court's decision regarding the probation violation. The statements made at the sentencing proceedings may be separated from those made at the revocation hearing and were not improper since a judge, in sentencing, may take into consideration factors other than those upon which an accused person's conviction is based.

2. Additional objected-to comments that were made at the revocation hearing were not considered as grounds for revocation, but were considered for their bearing on defendant's credibility.

3. The sentence was not cruel and unusual punishment since it was within the statutory limits for breaking and entering an occupied dwelling.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21 Am Jur 2d, Criminal Law § 579.
Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

[3] 21 Am Jur 2d, Criminal Law § 527.

[4] 13 Am Jur 2d, Burglary §§ 8, 10.
21 Am Jur 2d, Criminal Law § 626.

1. CRIMINAL LAW — PROBATION VIOLATION — NOTICE.

   A defendant charged with a probation violation is entitled to a written copy of the charged probation violation activity and a hearing on the charge (MCL 771.4; MSA 28.1134).

2. CRIMINAL LAW — PROBATION VIOLATION — NOTICE.

   The only evidence which may be considered at a probation violation hearing is that relating to the charged probation violation activity and only such evidence may provide the basis for a decision to revoke the probationary order; the injection of extra-notice matters impermissibly taints the proceedings and another hearing must be held.

3. CRIMINAL LAW — SENTENCING.

   In reaching a determination as to sentencing a judge may take into consideration factors other than those upon which an accused person's conviction is based.

4. CRIMINAL LAW — BREAKING AND ENTERING — PROBATION VIOLATION — SENTENCING — CRUEL AND UNUSUAL PUNISHMENT.

   A sentence of from 5 to 15 years imprisonment for a defendant convicted of violating his probation terms, which terms were imposed after a conviction for breaking and entering an occupied dwelling, is not cruel and unusual punishment because it does not exceed the statutory maximum for breaking and entering an occupied dwelling (MCL 750.110, 771.4; MSA 28.305, 28.1134).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Mosley & Associates, P.C.* (by *Brenda J. Maxwell),* for defendant on appeal.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

D. C. RILEY, J. On March 27, 1980, defendant was found to be in violation of the terms of his

* Circuit judge, sitting on the Court of Appeals by assignment.

probation by possessing burglary tools. See MCL 750.116; MSA 28.311. Defendant was subsequently sentenced to from 5 to 15 years imprisonment.

The revocation of defendant's probation stems from the following facts. Detroit police were summoned to the rear of a market in Detroit on February 22, 1980, at 2:30 a.m. Defendant was seen crawling out from underneath a woodpile behind the building. When defendant was arrested he had a pair of wire cutters in his hand and an officer testified that a bag containing a hammer and a pair of pliers was found next to the woodpile. Defendant claims that his presence at the woodpile was lawful and that the police "framed" him by planting the tools which he denies ever possessing.

Defendant's first issue on appeal is that the court impermissibly considered evidence of conduct that was not charged in the notice of probation violation. The notice only made reference to possession of burglary tools and the court, defendant contends, impermissibly considered his possible possession of pills, his general societal behavior, lack of constructive activity and his unemployment.

Defendant was entitled to a written copy of the charged probation violation activity and a hearing on the charge. MCL 771.4; MSA 28.1134. Only evidence relating to that charge may be considered and only such evidence may provide the basis for a decision to revoke a probationary order. *People v Elbert*, 21 Mich App 677; 176 NW2d 467 (1970). The injection of extra-notice matters into the hearing impermissibly taints the proceedings and another hearing must be held. *People v Acosta*, 65 Mich App 640; 237 NW2d 601 (1975).

Defendant objects to the court's mentioning of

defendant's unemployment and lack of constructive activity. These statements occurred at the sentencing proceeding and not at the violation hearing. The objected-to dicta was made in response to defense counsel's request for an alternative to imprisonment at Southern Michigan State Prison. These items did not weigh in the trial court's decision regarding the probation violation.

We conclude that statements made at the sentencing proceeding may be separated from those made at the revocation hearing. This position is consistent with *Elbert, supra.* In that case, the defendant rejected assistance of counsel and pled guilty to a probation violation. At the revocation hearing, prior to accepting the plea, the court stated that if defendant pled guilty imprisonment was a "possibility". Two days later, at sentencing, defendant again rejected assistance of counsel. The court noted the technical violation of probation defendant had committed and went on to discuss defendant's unemployment and family problems. Defendant was sentenced to imprisonment. The Court of Appeals reversed noting that the lower court impermissibly considered factors not charged in the notice of probation violation. The Court stated:

"We are, therefore, persuaded that the announced decision, at the conclusion of the first hearing, to revoke probation was a nominal or provisional, and not a final, revocation, and that the *final decision to revoke, to jail the defendant, was based on charges of acts which the order of probation did not require the defendant to refrain from committing.* Furthermore, such charges were not stated in the notice of probation violation or mentioned in open court before the defendant pled guilty." *Elbert, supra,* 682. (Footnote omitted; emphasis added.)

In the case at bar, the decision to revoke the probation was made at the revocation hearing; that decision was final. At sentencing, the court considered a number of factors in regards to sentencing. Moreover, "[w]e recognize that in sentencing a judge may take into consideration factors other than those upon which an accused person's conviction is based". *Id.*, 682.

The objected-to comments made at the revocation hearing must thus be considered as the essence of defendant's appeal. After all the testimony was taken at the revocation hearing, the probation investigator summarized and concluded that the hearing was not to convict defendant of possession of burglary tools but to determine if he possessed those tools as alleged and if that conduct violated his probation. Defense counsel concluded there was a variance in the testimony and defendant's version was that he was merely looking for some diet pills and "was caught up in a circumstance". The following exchange took place:

"*The Court: Either one of which constitutes a violation of probation.*

"*[Defense Counsel]:* Unless he was there to pick up diet pills which I don't know were an act of violation.

"*The Court: Nobody goes under the wood to get diet pills at two o'clock in the morning unless they are in violation of the law* [counsel].

"*[Defense Counsel]:* I am suggesting to your Honor—I appreciate what you are saying to me—except there is no evidence to show they were in fact not diet pills. And I don't know there is anything within his probation violation limitations which prevents him from picking up diet pills and being out on the street at two o'clock if you are to believe his testimony.

"Thank You.

"*The Court:* Let me say I do not accept his testimony.

"And I do find on the basis of the testimony of [police

officer] that Mr. Banks was in fact in possession and was also utilizing burglary tools, tools that are not in and of themselves necessarily burglary tools, but tools which can be put to that use, and one tool in particular, which was being put to that use. So I do find him in violation of probation." (Emphasis added.)

The emphasized statements above are allegedly improper as consideration of uncharged activity. However, we conclude that the diet pills testimony was not considered as grounds for revocation, but for its bearing on defendant's credibility. The court found this testimony so implausible that defendant's version of the circumstances could not be believed. The court clearly stated that it found defendant had possessed and used the tools, as charged, and, therefore, was in violation of probation. Compare, *People v McDonald,* 97 Mich App 425, 429; 296 NW2d 53 (1980), *vacated on other grounds* 411 Mich 870; 306 NW2d 101 (1981), with *People v Taylor,* 104 Mich App 514, 517-518; 305 NW2d 251 (1981).

Defendant's final argument is that his imprisonment for from 5 to 15 years is cruel and unusual punishment. Defendant originally had been placed on probation as a result of a conviction for the breaking and entering of an occupied dwelling, MCL 750.110; MSA 28.305. Since the sentence imposed upon the defendant was within the statutory limits for breaking and entering, it was not cruel and unusual punishment. MCL 771.4; MSA 28.1134; *People v Welch,* 25 Mich App 694, 695; 181 NW2d 638 (1970).

Affirmed.