PEOPLE v GRABER

Docket No. 65989. Submitted May 18, 1983, at Detroit.—Decided August 17, 1983. Leave to appeal applied for.

Defendant, Arnold R. Graber, was convicted in the Osceola Circuit Court, on his plea of guilty, of receiving and concealing stolen property valued in excess of $100. In April, 1979, the trial court, Lawrence C. Root, J., sentenced defendant to a five-year term of probation with the first six months to be served in the county jail. Included among the several conditions of probation was the condition that defendant not leave the state without the court's consent. Following a phone call from defendant's wife, Pepper Graber, to defendant's probation officer, the order of probation was thereafter amended to include conditions that defendant not be in the company of Pepper Graber without the permission of the probation office and that the defendant not engage in any behavior which is assaultive, abusive, threatening or intimidating. Defendant acknowledged receipt of a copy of the amended order. Thereafter, defendant's probation officer petitioned for issuance of a bench warrant against defendant and for a probation violation hearing charging that defendant had violated the conditions regarding being in the company of Pepper Graber and engaging in abusive, threatening and intimidating behavior. A bench warrant was issued for defendant's arrest on January 27, 1982. An amended petition for bench warrant and probation violation hearing was filed on May 7, 1982, alleging that defendant had violated the condition regarding not leaving the state without prior consent of the court. Defendant was brought before the Osceola Circuit Court on May 10, 1982. He acknowledged receipt of a copy of the petition and waived his right to 24 hours prior notice of the charges. The charges were read to him and he was advised of his right to a hearng and his right to counsel. He was also advised of the maximum possible sentence for receiving and

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 570.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 578, 579.

[5] Right to assistance of counsel at proceedings to revoke probation. 44 ALR3d 306.

concealing stolen property and of the sentencing alternatives available to the court if he were found guilty of violating the conditions of his probation. Defendant then expressly waived his right to consult an attorney and elected to proceed *in propria persona.* Defendant then pleaded guilty to each charge. The trial court, Lawrence C. Root, J., revoked defendant's probation and sentenced him to three to five years imprisonment. Defendant appeals. *Held:*

1. The *ex parte* amendment of the order of probation was proper. By the language of the statute, defendant was on notice of the possibility of the addition of any lawful condition of probation.

2. The condition of probation prohibiting defendant from being in the company of his wife without the permission of the probation office was not unlawful. There was no infringement on the constitutional priciple of marital privacy. There is no constitutional right to force oneself on an unwilling spouse. A determination that the condition was consistent with rehabilitation and the demands of public safety is supported by reasonable inference from the record.

3. Under all the circumstances of the case, there was no abuse of discretion in the trial court's determination that the additional conditions were warranted in the interest of rehabilitation.

4. It was only the defendant's pleas of guilty to the charged violations, and not any additional information contained in the presentence report, which led the trial court to revoke defendant's probation.

5. Defendant was not denied his right to allocution. The trial court did not err in failing to secure a second waiver of defendant's right to the assistance of an attorney prior to the imposition of the sentence. The sentencing stage of the May 10, 1982, hearing was not a subsequent proceeding, therefore, there was no obligation to readvise defendant of such right.

Affirmed.

1. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION.

A trial court is authorized to impose any lawful condition of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper; the conditions imposed are to be rationally related to the defendant's rehabilitation; the court's determination will be disturbed only if the conditions are unlawful (MCL 771.3[4]; MSA 28.1133[4]).

2. CRIMINAL LAW — PROBATION — CONTINUING JURISDICTION.

Orders of probation are at all times alterable and amendable both in form and in substance, in the trial court's discretion (MCL 771.2[2]; MSA 28.1132[2]).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — PROBATION — CONDITIONS OF PROBATION — MARITAL PRIVACY.

There is no constitutional right to force oneself on an unwilling spouse; therefore, a condition of probation imposed upon a defendant at the request of his wife which prohibits the defendant from being in the company of his wife without the permission of the probation office, which is not a blanket proscription against defendant's association with his wife, does not necessarily constitute an infringement on the constitutional principal of marital privacy and may be a lawful condition of probation consistent with rehabilitation and the demands of public safety.

4. CRIMINAL LAW — PROBATION — REVOCATION — EVIDENCE.

Only evidence relating to charged probation violation activity may be considered at a probation violation hearing, and only such evidence may provide the basis for a decision to revoke an order of probation.

5. CRIMINAL LAW — PROBATION — REVOCATION — SENTENCING — ASSISTANCE OF COUNSEL — WAIVER — COURT RULES.

A trial court shall require the presence of the defendant's attorney before imposing a sentence unless such presence has been affirmatively waived by the defendant; the court shall advise a probationer at each subsequent proceeding (e.g., revocation hearing, sentencing) of the right to a lawyer at public expense where the probationer has waived the assistance of an attorney at arraignment on a charge of probation violation; the circumstances of a case may indicate that the sentencing stage of a probation revocation hearing is not a subsequent proceeding for purposes of compliance with such waiver requirement (GCR 1963, 785.8[1], 791.3).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Norris J. Thomas,*

*Jr.,* Chief Deputy Defender, and *Sheila N. Robertson),* for defendant on appeal.

Before: T. M. Burns, P.J., and D. F. Walsh and C. W. Simon,* JJ.

D. F. Walsh, J. Defendant, Arnold Richard Graber, was convicted, on his plea of guilty, of receiving and concealing stolen property valued in excess of $100. MCL 750.535; MSA 28.803. In exchange for the plea, it was agreed, *inter alia,* that a charge of carrying a concealed weapon would be dismissed. MCL 750.227; MSA 28.424. In April, 1979, defendant was sentenced to a five-year term of probation, the first six months to be served in the county jail. The sentence was in accord with the recommendation of the prosecuting attorney. Among the several conditions of probation was the statutorily mandated condition that defendant not leave Michigan without the court's consent. MCL 771.3(1)(b); MSA 28.1133(1)(b).

On December 30, 1981, the order of probation was amended. The following conditions of probation were added:

"Fourteenth: That you shall not be in the company of Pepper Graber without the permission of the Probation Office.
"Fifteenth: You are not to engage in any behavior which is assaultive, abusive, threatening or intimidating."

The amendments were prompted by a phone call from Pepper Graber, defendant's wife, to defendant's probation officer. On January 6, 1982, defendant acknowledged receipt of a copy of the amended order.

* Circuit judge, sitting on the Court of Appeals by assignment.

On January 27, 1982, defendant's probation officer petitioned for issuance of a bench warrant against defendant and for a probation violation hearing. It was charged that defendant had violated the conditions of his probation in the following respects:

"Count I Violation of Rule Fourteen. That on or about 1-25-82 you were in the company of one Pepper Graber without permission of your supervising probation agent or probation office.

"Count II Violation of Rule Fourteen. [Sic. Later amended to read "Rule Fifteen".] That on or about 1-25-82 you engaged in abusive threatening and intimidating behavior against Pepper Graber by calling her names, putting her in fear of her personal safety and threatening to shoot her daughter.

"Count III Violation of Rule Fourteen. [Sic. Later amended to read "Rule Fifteen".] That on or about 1-25-82 you engaged in threatening behavior by calling the Clare County Sheriff's Department and threatening to 'shoot a cop (or cops)'."

A bench warrant was issued for defendant's arrest on January 27, 1982.

An amended petition for bench warrant and probation violation hearing was filed on May 7, 1982. It was therein alleged that defendant had violated the conditions of his probation in yet another respect:

"Count IV Violation of Rule Two. That on or about 4-24-82, subject was found to be out of the State of Michigan without prior consent from the court. He was arrested in the State of Wyoming on a probation violation warrant issued from Osceola County on 1-27-82."

Defendant was brought before the Osceola County Circuit Court on May 10, 1982. He ac-

knowledged receipt of a copy of the petition and
waived his right to 24 hours prior notice of the
charges. The charges were read to him and he was
advised of his right to a hearing and his right to
counsel. He was also advised of the maximum
possible sentence for receiving and concealing sto-
len property, and of the sentencing alternatives
available to the court if he were found guilty of
violating the conditions of his probation. Defen-
dant then expressly waived his right to consult
with an attorney, and elected to proceed *in propria
persona.*

Defendant pleaded guilty to each charge, and his
probation was revoked. He was sentenced to a
prison term of three to five years. Defendant ap-
peals.

Defendant challenges the *ex parte* amendment
of the order of probation. He argues that the
amendment was tantamount to a resentencing,
and he urges this Court to hold that he was
entitled to notice and an opportunity to be heard
prior to the amendment. We are not so persuaded.

The Michigan Legislature has conferred much
discretion on sentencing courts in the matter of
probation. The granting of probation is:

"a matter of grace conferring no vested right to its
continuance, if, during the period of probation it shall
appear to the satisfaction of the sentencing court that
the probationer is likely again to engage in an offensive
or criminal course of conduct, or that the public good
requires revocation or termination of probation previ-
ously granted. All probation orders, therefore, shall be
revocable or terminable in any manner which the court
which imposed probation shall deem applicable, either
for any violation, or attempted violation of any condi-
tion of probation, or for any other type of antisocial
conduct or action on the part of the probationer which

shall satisfy such court that revocation is proper in the public interest." MCL 771.4; MSA 28.1134.

Orders of probation are "at all times alterable and amendable, both in form and in substance, in the court's discretion". MCL 771.2(2); MSA 28.1132(2). The court is authorized to impose any "lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper". MCL 771.3(4); MSA 28.1133(4).

In this case, defendant was notified immediately of the additional conditions of probation. He made no challenge to those conditions at that time. We perceive no merit in defendant's present allegation of procedural infirmity in the amendment procedure. By statute, he was on notice of the possibility of the addition of any lawful condition of probation. See *People v Good,* 287 Mich 110; 282 NW 920 (1938).

Defendant also raises a substantive challenge to the amended order of probation. He argues that condition #14, which prohibited him from being in the company of his wife without the permission of the probation office, was unlawful because it unnecessarily burdened "his constitutional right to privately conduct his marital and family affairs" and because it was not reasonably related to his rehabilitation.

As noted *supra,* judges have considerable discretion in setting conditions of probation. Only if those conditions are unlawful will the sentencing judge's determination be disturbed. *People v Pettit,* 88 Mich App 203; 276 NW2d 878 (1979), *lv den* 406 Mich 987 (1979). Such conditions are to be rationally related to the defendant's rehabilitation. *Detroit v Del Rio,* 10 Mich App 617, 620; 157 NW2d 324 (1968); *People v Higgins,* 22 Mich App

479; 177 NW2d 716 (1970); *People v Johnson,* 92 Mich App 766; 285 NW2d 453 (1979).

In our judgment, condition #14 was not an unlawful condition of probation. We disagree with defendant that the condition impermissibly burdens his constitutional right to marital privacy. There was no blanket proscription against defendant's association with his wife. He was free to be with her if he first secured the permission of the probation department. The record establishes that the condition was added as a direct result of defendant's wife's communication with the probation department. It is apparent that there were serious difficulties in the marriage relationship, that defendant's wife felt threatened by him, and that she sought the aid of the court to protect her from him. We perceive no infringement on the constitutional principle of marital privacy. There is certainly no constitutional right to force oneself on an unwilling spouse.

Defendant cites *State v Martin,* 282 Or 583; 580 P2d 536 (1978), in support of his claim that condition #14 was unlawful. In that case the trial court imposed as a condition of the defendant's probation an absolute prohibition against association with any person who had ever been convicted of a crime, including the defendant's husband. The Oregon Supreme Court modified the condition, ruling that "the sentencing court should have determined from the record whether as a matter of fact the spouse would be a bad influence so as to endanger rehabilitation or public safety and, if so, what interference with marital rights less than complete separation would serve to protect society's interests". 282 Or 589.

The instant case is distinguishable. Condition #14 was consistent with the desires of defendant's

wife, from whom defendant was apparently already separated at the time the condition was added. There was no absolute prohibition against defendant's association with his wife. A determination that the condition was consistent with rehabilitation and the demands of public safety is supported by reasonable inference from the record.

With particular reference to defendant's rehabilitation, condition #14 cannot be considered in isolation from condition #15, which prohibited assaultive, abusive, threatening or intimidating behavior. In her phone call to the probation office, defendant's wife complained of his assaultive behavior and of his carrying a gun. Defendant's threatening behavior toward his wife, which he does not deny, led the court to add conditions #14 and #15. The record indicates defendant's past history of extensive trafficking in illegal guns. His plea-based conviction of receiving and concealing stolen property was based on his purchase of a stolen rifle and a stolen pistol. Under all the circumstances of this case, we find no abuse of discretion in the trial court's determination that the additional conditions were warranted in the interest of rehabilitation.

Defendant raises a third challenge to revocation of his probation, arguing that the court improperly based its decision to revoke on uncharged conduct.

It is well established that only evidence relating to charged probation violation activity may be considered at a probation violation hearing, and only such evidence may provide the basis for a decision to revoke an order of probation. *People v Banks,* 116 Mich App 446; 323 NW2d 436 (1982); *People v Longmier,* 114 Mich App 351; 319 NW2d 579 (1982).

We are not persuaded that this legal principle

was violated in this case. The court reviewed all of the charges with defendant and accepted his separate plea of guilty to each charge. After acceptance of the pleas, but prior to sentencing, the court reviewed the presentence report with defendant. In our judgment, it was only defendant's pleas of guilty to the charged violations, and not any additional information contained in the presentence report, which led the court to revoke his probation.

Finally, defendant argues that he is entitled to be resentenced. The record conclusively belies his claim, raised only at oral argument before this Court, that his right of allocution was denied. After discussing the presentence report in detail with defendant, eliciting defendant's response to each of the statements made therein, and responding to defendant's reactions to those statements, the court asked him if he wanted to make any statement on his own behalf before sentence was determined. Another extended dialogue between the court and defendant ensued. There was clearly no violation of GCR 1963, 785.8(2).

Defendant also claims that he is entitled to be resentenced because the court failed to comply with GCR 1963, 791.6, which provides:

"Sentencing. If the court finds that the probationer has violated the conditions of probation or that the probationer has pled guilty to the violation as charged, the court may continue probation, modify the conditions of the existing probation, extend the probation period, or impose a jail or prison sentence. *If the court revokes probation, the court may not impose a prison sentence on the probationer until it has received a current presentence report and complied with subrule 785.8."* (Emphasis added.)

GCR 1963, 785.8, provides in pertinent part that, before sentence is imposed, the court shall require the presence of the defendant's attorney unless affirmatively waived by the defendant. GCR 1963, 785.8(1). And GCR 1963, 791.3, provides that even though a probationer has waived the assistance of an attorney at arraignment on a charge of probation violation, "the court shall advise the probationer at each subsequent proceeding *(e.g.,* revocation hearing, sentencing) of the right to a lawyer at public expense".

In this case, defendant affirmatively waived the assistance of an attorney at the commencement of the May 10, 1982, proceeding. Defendant claims that the court was obliged to readvise him of his right to counsel prior to sentencing him. We are not so persuaded. For purposes of GCR 1963, 791.3, there was but one proceeding in this case. The sentencing stage of the May 10, 1982, hearing was not a "subsequent proceeding" for purposes of the court rule. Under the circumstances of this case, we find no error in the court's failure to secure a second waiver of defendant's right to the assistance of an attorney prior to imposition of sentence.

Affirmed.