PEOPLE v LAURENT

Docket No. 103422. Submitted May 19, 1988, at Detroit. Decided June 22, 1988.

Gregory Laurent pled guilty in Wexford Circuit Court to charges that he delivered two grams of cocaine. He was sentenced to four years probation with the first year to be served in Wexford County Jail, William R. Peterson, J. Less than two years later, Laurent was charged with, and admitted, a violation of the terms of his probation. The court imposed a sentence of from five to twenty years in prison. Defendant appealed, contending that he is entitled to a new probation revocation and sentencing hearing because the court considered conduct which was not charged in the petition for probation violation in determining to revoke probation.

The Court of Appeals *held:*

Before imposing sentence, the court made lengthy remarks concerning both the probation violation conduct as well as other conduct which was not included in the petition alleging that defendant violated the terms of his probation. The court did not specifically decide whether a violation had occurred or whether probation had been revoked, and it is not clear on what basis probation was revoked. The decision of the circuit court is reversed and the matter is remanded for a new probation violation hearing. Defendant's sentence is vacated.

Reversed and remanded.

1. CRIMINAL LAW — PROBATION — PROBATION REVOCATION HEARINGS.
   The probation revocation process encompasses a two-step analysis: (1) a factual determination that the defendant is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation.

2. CRIMINAL LAW — PROBATION — VIOLATION OF PROBATION — EVIDENCE.
   Conduct which is not charged in a petition alleging that a

REFERENCES

Am Jur 2d, Criminal Law §§ 567 *et seq.*

Propriety, in imposing sentence for original offense after revocation of probation, of considering acts because of which probation was revoked. 65 ALR3d 1100.

defendant violated the terms of his probation should not be considered in determining whether there has been a violation of probation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David A. Hogg,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant on appeal.

Before: Hood, P.J., and Cynar and R. B. Burns,* JJ.

Per Curiam. On July 29, 1985, defendant Greg Laurent pled guilty to delivering two grams of cocaine. MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv). He was placed on four years probation with the first year to be served in the county jail. On May 7, 1987, after being charged, defendant admitted to violating a condition of probation. On May 21, 1987, the court imposed a sentence of from five to twenty years in prison. Defendant appeals as of right.

Defendant contends that he is entitled to a new probation revocation and sentencing hearing because the trial court considered conduct which was not charged in the petition for probation violation in determining to revoke probation.

The facts are not in dispute. At the probation violation hearing, defendant admitted to the charged probation violation of having used cocaine. Defense counsel requested an adjournment prior to final disposition, and the court noted that it had not reached a point relative to final disposition. The court made neither a ruling on the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

admitted violation of probation nor a determination to revoke probation. On May 21, 1987, at the beginning of the sentencing proceeding, the court again made no ruling on the admitted violation of probation nor a determination to revoke probation. Defense counsel offered evidence in mitigation of the admitted probation violation. Before imposing a prison sentence, the court made lengthy remarks concerning both the probation violation conduct as well as other conduct which was not included in the petition alleging that defendant violated the terms of his probation.

As a matter of due process of law, probation revocation in Michigan consists of the following procedure: (1) a factual determination that a defendant is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation. *People v Rocha,* 86 Mich App 497, 502; 272 NW2d 699 (1978), lv den 406 Mich 944 (1979). After the court finds probation was violated, it has discretion to decide whether to continue or revoke probation. *Id.*

Conduct which is not charged in the petition alleging probation violation should not be considered in determining whether there has been a violation of probation. *People v Graber,* 128 Mich App 185, 193; 339 NW2d 866 (1983), lv den 419 Mich 880 (1984); *People v Banks,* 116 Mich App 446; 323 NW2d 436 (1982); *People v Longmier,* 114 Mich App 351; 319 NW2d 579 (1982).

The Michigan Court Rule dealing with probation revocation provides, in relevant part:

(D) Revocation Hearing.

* * *

(4) In deciding whether a violation has occurred, the court shall consider only evidence which re-

lates to the charge and shall comply with MCR 2.517(A).

(E) Pleas of Guilty.

(1) A probationer may plead guilty at arraignment or thereafter to the violation as charged with the consent of the court that granted probation.

(2) Before the court accepts a guilty plea, it shall, speaking directly to the probationer and receiving the probationer's response,

\* \* \*

(d) establish support for a finding that the probationer is guilty of the violation charged.

(F) Sentencing. If the court finds that the probationer has violated the conditions of probation or that the probationer has pled guilty to the violation as charged, the court may continue probation, modify the conditions of the existing probation, extend the probation period, or impose a jail or prison sentence. If the court revokes probation, the court may not impose a prison sentence on the probationer until it has received a current presentence report and complied with MCR 6.101(G). [MCR 6.111.]

Only the conduct charged in the petition may be used to determine if there is a violation of probation. Further, if the court finds that the probationer has violated a condition of probation, only the conduct charged in the petition may be considered in deciding whether probation should be revoked as a result of the charged violation. *Graber, supra,* p 193.

In the matter before us, the court did not specifically decide whether a violation had occurred or whether probation had been revoked. It might be concluded otherwise since a prison sentence was imposed. However, a problem exists even if there is no dispute that the defendant violated probation or probation was revoked. It is not clear on what

basis probation was revoked. Because the charged and admitted probation violation is so blended with the uncharged conduct, we are not able to ascertain the basis of the probation revocation.

For reasons stated in this opinion, we reverse and remand for a new probation violation hearing. Defendant's sentence is vacated. We do not retain jurisdiction.

Reversed and remanded.