# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 19, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

137032

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

        SC: 137032
        COA: 285219
        Genesee CC: 03-012122-FH

MENDEL DELANO POOLE,
        Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the June 16, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the December 13, 2007 judgment of sentence of the Genesee Circuit Court, and we REMAND this case to the trial court for further proceedings. The trial court imposed a prison sentence where the sentencing guidelines required an intermediate sanction, and the court stated that it did not intend to depart from the guidelines range. On remand, if the trial court again revokes probation, it shall sentence the defendant to an intermediate sanction or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range in accordance with MCL 769.34(4)(a) and *People v Babcock*, 469 Mich 247 (2003). Finally, the trial court agreed to make changes to the presentence report that are not reflected therein. On remand, the trial court shall perform this ministerial act. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      We do not retain jurisdiction.

      KELLY, J. (*concurring in part and dissenting in part*).

      For over 38 years, Michigan law has been that, when determining whether to revoke probation, the court considers only evidence related to the charged violation of the probation order. It has been clearly established that only such evidence may provide a

basis for the decision.[1]  The judge in this case violated that rule.  Defendant was charged with violating the terms of his probation by failing to report to his probation officer.  The judge based his decision to revoke probation, in part, on assault charges brought against defendant in a separate, unrelated case.[2]  But defendant had been acquitted of those charges.  Hence, the alleged assault should not have been considered because it was not charged in this matter and because, in the eyes of the law, defendant was not guilty of it.

I would vacate the order revoking probation and remand the case with instructions to the judge to consider only the evidence relating to defendant's failure to report to his probation officer.

---

[1] *People v Elbert,* 21 Mich App 677 (1970); *People v Rial,* 399 Mich 431, 440 (1976) (Levin, J. concurring); *People v Longmier*, 114 Mich App 351 (1982); *People v Banks*, 116 Mich App 446 (1982); *People v Graber,* 128 Mich App 185, 193 (1983); *People v Laurent,* 171 Mich App 503 (1988); *People v Pillar*, 233 Mich App 267, 270 (1998).

[2] The judge presided over the assault trial and stated that he would have found defendant guilty had he been on the jury.  He said defendant was lucky that the police "screwed up the investigation."  He was convinced that defendant was a "danger" and needed to be "slowed down."



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 19, 2008

_Corbin R. Davis_
Clerk

p1216