PEOPLE v PILLAR

Docket No. 206238. Submitted December 2, 1998, at Detroit. Decided
    December 29, 1998, at 9:25 A.M.

  Robert A. Pillar pleaded no contest in the Macomb Circuit Court,
    Mary A. Chrzanowski, J., to a charge of attempted second-degree
    criminal sexual conduct and was sentenced to two years of proba-
    tion. After the defendant was arrested and charged with a crime
    involving his daughter, the court held a probation violation hearing
    and revoked the defendant's probation and sentenced him to two
    to five years of imprisonment. The defendant appealed.

    The Court of Appeals held:

    1. Probation may not be revoked solely on the basis that the pro-
    bationer was arrested. There must be verified facts in the record
    from which the court can find by a preponderance of the evidence
    that a violation was committed. In this case, the revocation hearing
    was devoid of any verified facts that would enable a rational trier
    of fact to conclude, by a preponderance of the evidence, that the
    defendant violated the terms of his probation.

    2. Only evidence relating to the charged probation violation
    activity may be considered at a probation violation hearing, and
    only such evidence may provide the basis for a decision to revoke
    probation. In this case, the trial court, in revoking the defendant's
    probation, considered unsupervised visitation by the defendant of
    his daughter to have been a violation of the terms of probation.
    However, the terms of probation did not include provisions relating
    to visitation. Accordingly, the trial court improperly considered the
    visitation when revoking probation.

    3. On remand for a new probation violation hearing, this matter
    must be considered by a different trial judge because it would be
    unreasonable to expect the original judge, given her handling of the
    matter, to be able to put previously expressed findings out of mind
    without substantial difficulty.

    Reversed and remanded.

1. SENTENCES — PROBATION — REVOCATION — ARRESTS.

    Probation may not be revoked solely on the basis that the probationer
    was arrested for a new criminal offense; there must be verified

facts in the record from which the court can find by a preponderance of the evidence that a violation was committed.

2. SENTENCES — PROBATION — REVOCATION.

Only evidence relating to the charged probation violation activity may be considered at a probation violation hearing, and only such evidence may provide the basis for a decision to revoke probation.

3. SENTENCES — PROBATION — REVOCATION — APPEAL — REMAND — NEW JUDGE.

A revocation of probation matter that is remanded to the trial court for a new revocation hearing should be assigned to a different judge if it would be unreasonable to expect the original judge to be able to put previously expressed findings out of mind without substantial difficulty.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Carl J. Marlinga*, Prosecuting Attorney, *Robert J. Berlin*, Chief Appellate Attorney, and *Edward L. Graham*, Assistant Prosecuting Attorney, for the people.

*David Cripps*, for the defendant.

Before: DOCTOROFF, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Defendant's probation was revoked pursuant to MCL 771.4; MSA 28.1134, and the court imposed a sentence of two to five years' imprisonment for defendant's underlying conviction of attempted second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), involving his nine-year-old daughter. Defendant appeals as of right. We reverse and remand.

Defendant argues that he was denied due process when the trial court found a probation violation solely on the basis of evidence of an arrest and again when the trial court considered conduct that was neither in violation of the order of probation nor

charged in the violation petition when deciding to revoke his probation. We agree with both of defendant's contentions.

Probation violation hearings are summary and informal and are not subject to the rules of evidence or of pleading applicable in a criminal trial. The scope of these proceedings is limited and the full panoply of constitutional rights applicable in a criminal trial do not attach. *People v Johnson*, 191 Mich App 222, 225; 477 NW2d 426 (1991); *People v Ritter*, 186 Mich App 701, 705-706; 464 NW2d 919 (1991). However, probationers are afforded certain due process at violation hearings because of the potential for loss of liberty. See *Gagnon v Scarpelli*, 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973); *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). Specifically, a probationer has the right to a procedure consisting of (1) a factual determination that the probationer is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation. *People v Laurent*, 171 Mich App 503, 505; 431 NW2d 202 (1988).

Here, defendant allegedly violated his probation by engaging in illegal sexual conduct with his daughter. At the probation violation hearing, the sole evidence presented was a police report indicating that defendant had been arrested and charged with the crime.[1] Solely on the basis of that evidence, the trial court found that defendant had violated his probation. However, it is well settled that probation may not be revoked solely on the basis that the probationer was

---

[1] A probation agent, who admittedly had no knowledge of the charged conduct, testified about the contents of the police report.

arrested. There must be verified facts in the record from which the court can find by a preponderance of the evidence that a violation was committed. *People v Buckner*, 103 Mich App 301, 303; 302 NW2d 848 (1980). The hearing was devoid of any verified facts that would enable a rational trier of fact to conclude, by a preponderance of the evidence, that defendant violated the terms of his probation.

Moreover, only evidence relating to the charged probation violation activity may be considered at a violation hearing and only such evidence may provide the basis for a decision to revoke one's probation. *People v Graber*, 128 Mich App 185, 193; 339 NW2d 866 (1983); *Laurent, supra* at 505. During the probation violation hearing, the trial judge repeatedly made reference to a term of probation involving visitation with defendant's daughter that was neither stated on the record at sentencing nor imposed as a term of probation in the original or amended order of probation. The trial judge's recurrent reference to defendant's allegedly improper visitation strongly suggests that defendant's unsupervised visitation with his daughter, which did not violate a term of probation and which was not charged as conduct in violation of a term of probation, was erroneously considered by the judge in her ultimate decision to revoke defendant's probation.

Consequently, we reverse the order of probation revocation and remand for a new probation violation hearing. Defendant urges this Court to remand the matter for consideration by a different trial judge. A case should be assigned to a different judge if it would be unreasonable to expect the trial judge, given her handling of the matter, to be able to put

previously expressed findings out of mind without substantial difficulty. *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986). Here, with respect to the trial judge's belief that she had prohibited unsupervised visitation with defendant's daughter as a condition of probation, the judge stated:

> You know what really upsets me. Everybody in this case screwed up. And you know who took the fall? Me. I don't appreciate that. The prosecutor's office screwed up, the probation department screws up, and I take the fall for it. Because nobody listed to what I said when I was sentencing you.

The trial judge further indicated that her review of the sentencing transcript revealed that she had imposed visitation conditions. However, our review of the sentencing transcript, which is attached as Appendix A to this opinion, contains no reference to restrictions placed on defendant's visitation with his daughter. Indeed, the record demonstrates that those terms of probation that were imposed by the trial court were indeed set forth in the original and amended orders of probation. Given the certainty and vigor with which the trial judge expressed her findings, which we have already determined to be devoid of any record support, as well as the unbending blame that she erroneously placed on everyone involved in this case with the exception of herself, we are convinced that the judge would have difficulty setting aside her previously expressed views and justly resolve the issue at a subsequent hearing. Cf. *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997). Hence, proceedings on remand shall be conducted by a different judge.

Reversed and remanded. Jurisdiction is not retained.

APPENDIX A

*The Clerk*: People versus Pillar.

*Mr. Alan* [the Prosecutor]: Ready, your Honor.

Your Honor, for the record, Dean Alan on behalf of the People. The defendant appears before Court with counsel for sentencing today on file number 94-2623- FH. He pled guilty on a prior occasion to attempt [sic] CSC second, a five year felony. We would ask that the Court accept the plea and impose sentence.

*The Court*: Is that what you want me to do?

*Mr. Garton* [Defense Counsel]: That's correct, your Honor. Good morning. For the record, Arthur Garton.

*The Court*: Hold on.

Do you want me to accept the plea?

*Mr. Garton*: Yes, your Honor.

*The Court*: Would you raise your right hand please?

(Defendant sworn)

*The Court*: This sentence was adjourned from 12-27, Mr. Alan.

*Mr. Alan*: That's correct, your Honor.

*The Court*: Sir, you stood before this Court on 12-5-95 at which time you pled guilty to the charge of attempted criminal sexual conduct in the second degree. At that time I took your guilty plea under advisement. Are you now asking me to accept your guilty plea?

*The Defendant*: Yes, I am.

*The Court*: The Court does accept your guilty plea, and in accordance with the plea agreement will dismiss count one and two. Have you reviewed this presentence report?

*Mr. Garton*: I have, your Honor, and just for the record it was a no contest plea.

*The Court*: Okay, I'm sorry, do you want me to accept your no contest plea?

*The Defendant*: Yes.

*Mr. Garton*: Your Honor, I have reviewed the presentence report with Mr. Pillar. We find it factually accurate. There's no additions or deletions to make to it. At the time of the plea the prosecution did recommend no jail time as the probation department recommends a two year term of probation. Under the circumstances, I'll ask the Court to adopt the recommendation of the probation department and sentence Mr. Pillar to that recommendation.

*The Court*: Okay. Is there anything that you'd like to say other than what you just indicated regarding your client?

*Mr. Garton*: No, your Honor.

*The Court*: Sir, would you like to say anything?

*The Defendant*: No, ma'am.

*The Court*: The policy of the State of Michigans [sic] favors individualized sentencing for every convicted defendant. The sentence must be tailored to fit the particular circumstances of the case and the defendant. In tailoring the sentence to the offense and the defendant, the Court has gathered complete and detailed information about the defendant, the Court is satisfied with the reliability of the information received, satisfied that it is reasonably up to date, has determined it is competent as a sentencing consideration and has resolved any challenges [sic] as to its accuracy in favor of the defendant.

It is the sentence of this Court that you be placed on two years probation, that during the two years initially you're going to obtain a mental health evaluation, participate in any treatment at the direction of your supervising probation officer. You'll pay $20.00 a month court costs, $30.00 for state supervision fees. You're going to repay the judicial aid office for any court appointed attorney fees. There's a $40.00 crime victim rights service fund, and you must register as required by the Offenders Registration Act with the State of Michigan within ten days, and I'm sure the probation department will assist you with that.

In determining the particular sentence for this particular defendant the Court has considered the disciplining or punishment of the wrongdoer, protection of society, potential for rehabilitation of the defendant, the deterring of others from committing like offenses.

You are entitled to file an application for leave to appeal should you dislike your sentence or your conviction. If you cannot afford an attorney and would like an attorney to assist you in doing that, I will appoint an attorney for you. You've got 42 days to make [sic] request. You should also understand if you are unable to comply with any condition of probation, you have to come here to ask the Court for relief from the condition. Do you understand that?

*The Defendant*: Yes, I do.

*The Court*: Okay. And my clerk is going to hand you a form to allow you to perfect a request for application for leave to appeal as well as a request for court appointed counsel. I'm going to ask if you received that form.

*The Defendant*: Yes, I have.

*The Court*: Good luck.

*Mr. Garton*: Thank you very much, your Honor.