# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PETER WINTHROP FOX,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 320625
Eaton Circuit Court
LC No. 08-020081-FH

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right[1] the trial court's imposition of 30 days in jail after a determination that he violated the terms of his probation. We affirm.

A jury convicted defendant of larceny by conversion in December 2010, and he was sentenced to 10 days in jail and 60 months on probation. *People v Fox*, unpublished opinion per curiam of the Court of Appeals, issued August 16, 2012 (Docket No. 305200). On appeal, this Court upheld defendant's conviction. *Id.* After the judgment of sentence was entered and prior to filing his claim of appeal in the case at hand, the trial court held a restitution hearing and concluded defendant owed the victim $20,916. As a credit towards that sum, defendant agreed to sign the title to his 1997 Cadillac over to the victim. After several hearings, the trial court found defendant in contempt for failure to comply. The trial court extended defendant's probation and sentenced him to 30 days in jail. Defendant now challenges the contempt finding.

Probation revocation is a two-step process: the trial court makes a factual determination concerning whether a defendant violated probation, then determines whether the violation warrants revoking probation. MCR 6.455(E) and (G); *People v Pillar*, 233 Mich App 267, 269; 590 NW2d 622 (1998). We generally review de novo claims concerning the sufficiency of the evidence in a criminal proceeding. *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). A trial court's determination that a defendant violated probation must be based on facts

---

[1] Because the trial court did not revoke defendant's probation, defendant was not entitled to an appeal as of right. MCR 7.202(6)(b)(*v*). However, in the interest of judicial economy, we treat the claim of appeal as an application for leave to appeal, which we grant. MCR 7.216(A)(7).

-1-

in the record. *People v Breeding*, 284 Mich App 471, 487; 772 NW2d 810 (2009). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved that the defendant violated his or her probation by a preponderance of the evidence. *Id.* "Where resolution of a factual issue turns on the credibility of witnesses or the weight of evidence, deference is given to the trial court's resolution of these issues." *Id.* (citation omitted).

On appeal, defendant asserts that because the title was mailed to his probation agent Todd Brunner on November 26, 2013, and defendant paid the $469.59 for car repairs when ordered to do so by the trial court, there was no probation violation. However, the evidence supports the trial court's finding that defendant had failed to mail the title when required and only did so after a contempt hearing was scheduled. That title was ultimately mailed and received by Brunner is irrelevant; the condition of probation was "You must sign the title of the 1997 Cadillac over to" the victim's estate. MCL 257.233(8) provides as follows:

> The owner shall indorse on the certificate of title as required by the secretary of state an assignment of the title with warranty of title in the form printed on the certificate with a statement of all security interests in the vehicle or in accessories on the vehicle and deliver or cause the certificate to be mailed or delivered to the purchaser or transferee at the time of the delivery to the purchaser or transferee of the vehicle. The certificate shall show the payment or satisfaction of any security interest as shown on the original title.

The evidence from the hearing also supports the trial court's findings that defendant failed to enter a selling date or selling price, which prevented legal assignment of the title to occur. Accordingly, more than four months after the court ordered defendant to transfer title to the victim's estate, defendant still had not complied with the probationary term. Taking the evidence in the light most favorable to the prosecution, the trial court did not err in concluding that defendant violated his probation.

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray