*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 22, 2020

v

No. 348462
Jackson Circuit Court
LC No. 16-004527-FC

DAISHA MONIQUE COOPER,

Defendant-Appellant.

Before: JANSEN, P.J., and FORT HOOD and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I respectfully concur with the majority in all respects other than the majority's determination that resentencing need not occur before a different judge.

The limited explanation given by the trial court in imposing an upward departure sentence include a clear expression of the trial judge's personal opinions about defendant and her case. The judge stated that "the jury found what they found and from the court's perspective, my perspective, [defendant] got one hell of a break by the verdict," he expressed how the jury could have "easily come back with second-degree murder in this case," and then said that defendant's guidelines did not "take into account the benefit that she got from that jury verdict." The trial judge's personal views about what the jury should have done and how the sentencing guidelines failed to account for the benefit that defendant received would likely impact his opinion on resentencing. See *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998).

Accordingly, on the basis of the trial judge's statements, I conclude that it would be unreasonable to expect the judge to be able to put out of his mind previously-expressed views and findings without substantial difficulty. See *People v Walker*, 504 Mich 267, 285; 934 NW2d 727 (2019). Even if the original trial judge could view the case again with a clear mind, this Court ordering reassignment to a different trial judge solely for the purpose of resentencing would not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." See *id*. at 286 (quotation omitted). Finally, because the trial judge seemingly imposed a sentence based on the conviction it believed defendant ought to have received, rather than the

conviction defendant did receive, I believe reassignment would best preserve the appearance of justice. See *id*. at 285-286. I would remand to a different judge for resentencing.

/s/ Amy Ronayne Krause