*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 22, 2020

Plaintiff-Appellee,

v

No. 348462
Jackson Circuit Court
LC No. 16-004527-FC

DAISHA MONIQUE COOPER,

Defendant-Appellant.

Before: JANSEN, PJ., and FORT HOOD and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right her convictions following a jury trial of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b,[1] and involuntary manslaughter, MCL 750.321.[2] The trial court sentenced defendant to 9 to 15 years' imprisonment for involuntary manslaughter, and 2 years' imprisonment for felony-firearm. Defendant appeals, arguing that the trial court's justification for its departure from the sentencing guidelines was insufficient, the sentence that it imposed was unreasonably harsh, and that judicial reassignment for resentencing is required. We remand for the trial court to give more adequate justification for the departure sentence imposed. We do not believe that judicial reassignment is necessary.

## I. BACKGROUND

This case arises out of defendant admittedly shooting and killing her boyfriend, Ben Johnson, Jr. Defendant stated that the shooting was accidental. The jury was unable to come to a

---

[1] Defendant was convicted of felony-firearm at her first trial, but the jury was hung regarding defendant's open murder charge.

[2] At defendant's second trial, the jury was undecided regarding her open murder charge but found defendant guilty of the lesser-included offense of involuntary manslaughter.

unanimous verdict as to defendant's second-degree murder charge, but unanimously found defendant guilty of involuntary manslaughter. During sentencing, the trial court stated

> Well, Ms. Cooper, in passing sentence on you I'm individualizing your sentence. I'm taking into account a number of factors, I'm considering punishment, rehabilitation prospects, deterrence, protection of society. One of the biggest problems when I was going back and looking at this was reconciling, I think it was after she had shot him she walks out and says, "Get up, bitch," or something to that effect, and then starts screaming for Naim to come help her. But the jury found what they found and from the court's perspective, my perspective, she got one hell of a break by the verdict that you are able to obtain for her. An involuntary manslaughter where we have a 26 year old man dead? I can't imagine being the mother and losing a 26 year old son.

> Unfortunately, we got way too many people in this county losing children because of all the shootings, and then wanting justice within the parameters that we are all working with, and that being the involuntary manslaughter. The jury could have easily come back with second degree murder in this case. They did not find the facts to do so.

> Mr.—when I look at that the guidelines are at 71 months maximum, but I don't think they really take into account the benefit that she got from that jury verdict. It's the sentence of the court you be sentenced to the Michigan Department of Corrections for nine (9) years to fifteen (15) years with three hundred and for (304) days credit.

## II. ANALYSIS

Defendant argues that the trial court failed to provide articulation for its upward departure sentence and it was, therefore, legally inappropriate, and the sentence that it imposed was unreasonably harsh.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Although the sentencing guidelines are no longer mandatory in Michigan, trial courts are still required to "consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 391-392. A minimum sentence within the applicable range is presumptively proportionate. *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). "If the trial court chooses to depart from the sentencing guidelines, it must justify the departure on the record by explaining why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719, 731 (2019). In evaluating the trial court's sentencing rationale to determine

whether the principle of proportionality was met, this Court considers certain factors, including "whether the guidelines accurately reflect the seriousness of the crime," "factors not considered by the guidelines," and "factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). When a sentence departs from the guidelines and a trial court fails to articulate its rationale for an upward departure from the minimum sentencing guidelines range, this Court "must remand the case to the trial court for resentencing or rearticulation" of its reasoning for the departure. *Babcock*, 469 Mich at 258.

In this case, defendant was convicted of involuntary manslaughter, MCL 750.321,[3] which is a Class C felony. See MCL 777.16p. The presentence information report assigned defendant a total prior record variable (PRV) score of 10 points and a total offense variable (OV) score of 65 points. These scores placed defendant in PRV Level C and OV Level V. See MCL 777.64. The sentencing guidelines range for defendant was, therefore, 36 to 71 months' imprisonment. See MCL 777.64. Defendant raises no dispute about the scoring on the sentencing report.

Defendant argues that the trial court's conduct was disallowed pursuant to our Supreme Court's decision in *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019), wherein the Court held that "[o]nce acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." In *Beck*, the defendant was convicted "of being a felon in possession of a firearm (felon-in-possession) and carrying a firearm during the commission of a felony (felony-firearm), second offense, but acquitted of open murder, carrying a firearm with unlawful intent, and two additional counts of felony-firearm attendant to those charges." *Beck*, 504 Mich at 610. At sentencing, the judge stated that "in the [c]ourt's opinion, [the defendant] didn't just provide [the gun], he actually was the one who perpetrated the killing," and the trial court found by a preponderance of the evidence that "that has been shown." *Id.* at 612 (emphasis omitted). The defendant appealed, arguing that the trial court based his sentencing on crimes of which he had been acquitted. *Id.* at 612. The *Beck* Court agreed with the defendant and held that "[b]ecause the sentencing court punished the defendant more severely on the basis of the judge's finding by a preponderance of the evidence that the defendant committed the murder of which the jury had acquitted him, it violated the defendant's due-process protections." *Id.* at 629.

In this case, during sentencing, the trial court gave a limited explanation for imposing an upward departure sentence. The trial judge stated that "the jury found what they found and from the court's perspective, my perspective, [defendant] got one hell of a break by the verdict," he expressed how the jury could have "easily come back with second-degree murder in this case," and then said that defendant's guidelines did not "take into account the benefit that she got from

---

[3] MCL 750.321 defines the penalty for involuntary manslaughter as "[a]ny person who shall commit the crime of manslaughter shall be guilty of a felony punishable by imprisonment in the state prison, not more than 15 years or by fine of not more than 7,500 dollars, or both, at the discretion of the court." Involuntary manslaughter has been defined as "the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty." *People v Townes*, 391 Mich 578, 590, 218 NW2d 136 (1974).

that jury verdict." It would appear that the trial court imputed an intent on the part of the defendant that would have been an element of the crime for which she was not actually convicted. In any event, very unlike the defendant in *Beck*, defendant in this case was not acquitted of any charges; she was found guilty by a jury of a lesser included offense and the jury was hung as to the other charge. The court did not state that it "found by a preponderance of the evidence" or that it believed that defendant committed second-degree murder. *Beck*, 503 Mich at 629. It simply stated that defendant got a "break" and then noted that defendant could have "easily" been convicted of second-degree murder. Thus, while the trial court did not err to the extent of the court in *Beck*, we are still left without a sufficient record to review the proportionality of defendant's sentence.

On the basis of this unclarity, this Court concludes that the trial court failed to explain the justifications for its departure separate from its belief that defendant may have been guilty of a more serious crime, of which, she was charged and not convicted. See *Beck*, 503 Mich at 629. See also *Odom*, 327 Mich App at 315 (explaining that a trial court must articulate the justifications for a departure for appellate review). The court failed to make it apparent on the record what, other than it's belief that defendant was guilty of a more serious crime for which she was not convicted, its justification for the departure sentence was when it fashioned defendant's sentence. Accordingly, because the trial court failed to articulate its rationale for an upward departure from the minimum sentencing guidelines range, we remand the case to the trial court for rearticulation of its reasoning for the departure. See *id*.

We decline, however, defendant's request to be resentenced by a different judge. "A case should be assigned to a different judge if it would be unreasonable to expect the trial judge, given her handling of the matter, to be able to put previously expressed findings out of mind without substantial difficulty." *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998). In deciding whether resentencing should occur before a different judge, this Court considers:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Walker*, 504 Mich 267, 285-286; 934 NW2d 727 (2019) (quotation marks and citations omitted).]

We see nothing in the available record that indicates that the trial court would have substantial difficulty on remand in setting aside any potentially erroneous views, nor that a remand to the same judge would involve unfairness or injustice. See *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997).

Reversed and remanded for resentencing consistent with this opinion. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-4-

# Court of Appeals, State of Michigan

# ORDER

Kathleen Jansen
Presiding Judge

People of MI v Daisha Monique Cooper

Karen M. Fort Hood

Docket No.    348462

LC No.        16-004527-FC

Amy Ronayne Krause
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court gave insufficient justification for the upward departure sentence imposed in this case, and we remand for the court to either resentence defendant or to rearticulate the justifications for the departure sentence imposed.  The proceedings on remand are limited to this issue .

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 22, 2020
Date

Chief Clerk