*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN BRUCE CARROLL,

Defendant-Appellant.

UNPUBLISHED
July 22, 2021

No. 352110
Livingston Circuit Court
LC No. 17-024098-FH

Before: BORRELLO, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Kevin Bruce Carroll, appeals as of right the revocation of his probation and imposition of a prison sentence. The underlying conviction was for two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a) (sexual contact with victim between 13 and 16 years old).[1] The trial court originally sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve concurrent terms of 12 months in jail and 60 months' probation for his two convictions. The trial court subsequently revoked defendant's probation on the basis of repeated probation violations and sentenced him, as a second-offense habitual offender, to serve concurrent terms of 18 to 36 months' imprisonment. We affirm.

## I. BACKGROUND

This appeal arises from violations of the terms of defendant's probation. Defendant was prohibited from drinking alcohol. Defendant was later charged with consuming alcohol. His conditions of probation were then modified and in addition to the alcohol ban, he was ordered to wear a "SCRAM" tether designed to detect alcohol usage. He was told not to tamper with the tether. Defendant was later charged with three additional violations of the terms of his probation occurring over a span of three months. Each new charge was for tampering with his tether by

---

[1] Defendant previously appealed his convictions and this Court affirmed. *People v Carroll*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2019 (Docket No. 342014).

putting an object between the bracelet and his skin. Defendant was found guilty of all three violations, the court revoked his probation, and sentenced him to a minimum term of 18 months' imprisonment for each conviction. On appeal, defendant challenges the sufficiency of the evidence to find he violated his probation and the proportionality of his prison sentence.

## II. ANALYSIS

Defendant argues that the circuit court erred by finding that he violated the terms of his probation and by revoking his probation. We disagree.

We review a trial court's factual findings for clear error. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "The clear error standard asks whether the appellate court is left with a definite and firm conviction that a mistake has been made." *People v Manuel*, 319 Mich App 291, 303; 901 NW2d 118 (2017) (quotation marks and citation omitted). We review a sentencing court's decision to revoke probation for abuse of discretion. *People v Breeding*, 284 Mich App 471, 479; 772 NW2d 810 (2009). "Under this standard, an abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id.* (quotation marks, citation, and alteration omitted).

"[T]he granting of probation is a matter of grace," and "[a]ll probation orders are revocable." MCL 771.4(1) and (2). "The decision to revoke probation is a matter within the sentencing court's discretion." *Breeding*, 284 Mich App at 479 (quotation marks and citation omitted). The prosecution "has the burden of proving a violation by a preponderance of the evidence." MCR 6.445(E)(1). A probation violation hearing consists of two components: "(1) a factual determination that the probationer is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation." *People v Pillar*, 233 Mich App 267, 269; 590 NW2d 622 (1998).

The court's factual determination was supported by the testimony of two state agents: defendant's probation officer and the lead agent for the state's electronic monitoring center. Defendant testified that any readings that supported the tampering charges were not the result of his intentional actions, but were the result of a poorly fitted tether. The defendant presented witnesses who each denied seeing the defendant place any object between the tether and his ankle on the dates and at the times the tampering was alleged to have occurred. The witnesses included defendant's employer, defendant's girlfriend, and a customer at the shop where the defendant was employed. The customer, while asserting that he never saw an object between the tether and the defendant's ankle, also acknowledged that he was not particularly focused on the defendant's ankle. The judge found the state witnesses more credible. The trial court's fact finding was not against the great weight of the evidence. The decision to revoke probation after four violations within a five month period was not outside the range of principled outcomes.

Defendant also argues that his sentence was disproportionate; however, defendant's sentence fell within the applicable guidelines range. When a criminal defendant is sentenced in accordance with the guidelines, this Court presumes that the sentence was reasonable and proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). Defendant has failed to overcome this presumption.

Affirmed.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens