*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHANCHEZ DEZARAY STEWART,

Defendant-Appellant.

UNPUBLISHED
April 20, 2023

No. 360477
Wayne Circuit Court
LC No. 10-003925-01-FC

Before: GARRETT, P.J., and K. F. KELLY and HOOD, JJ.

PER CURIAM.

Defendant, Chanchez Dezaray Stewart, appeals by delayed leave granted[1] the trial court's order denying his postconviction motion for relief from judgment made on the basis of an affidavit in which another inmate, incarcerated with defendant, purported to take responsibility for the shooting death of Michael Spahr. Because the trial court's reason for denying defendant's motion was insufficient, we vacate the trial court's order and remand for reconsideration consistent with this opinion in front of a different judge.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This is the fourth time this case has been before us.[2] In defendant's direct appeal, the Court summarized the basic facts of the case:

---

[1] *People v Stewart*, unpublished order of the Court of Appeals, entered July 7, 2022 (Docket No. 360477).

[2] See *People v Stewart*, unpublished per curiam opinion of the Court of Appeals, issued January 10, 2012 (Docket No. 300476) (affirming defendant's convictions on direct appeal); *People v Stewart*, unpublished order of the Court of Appeals, entered February 25, 2015 (Docket No. 324437) (denying defendant's delayed application for leave to appeal denial of defendant's motion for relief from judgment); *People v Stewart*, unpublished order of the Court of Appeals, entered July 6, 2021

Desmond Kaigler contacted LaTanya Norman regarding purchasing two to three pounds of marijuana for Tyler Binkley and Michael Spahr. Norman then contacted [defendant], her ex-boyfriend, regarding the purchase and he agreed to make the sale. On June 6, 2009, Spahr and Binkley drove from Ohio to Michigan to purchase the marijuana. Once in Michigan, Binkley and Spahr picked up Kaigler and Norman. Norman then contacted [defendant] who told her to meet him at an address on Irvington Street in Detroit. Once at the designated location, Norman exited the vehicle and called [defendant] to tell him that they had arrived. Shortly thereafter, the vehicle was approached by three men, two of whom were armed with guns. The armed men demanded money from the vehicle's occupants and then began shooting. Spahr was killed during the incident and Binkley was shot several times. [*People v Stewart*, unpublished per curiam opinion of the Court of Appeals, entered January 10, 2012 (Docket No. 300476), p 1.]

Defendant was subsequently convicted of first-degree felony murder, MCL 750.316(b), and possession of a firearm during the course of a felony, MCL 750.227b. In 2014, defendant filed his first motion for relief from judgment under MCR 6.502(C), which was denied by the trial court.[3] In 2019, defendant again moved for relief from judgment, this time on the basis of newly discovered evidence, which consisted of an affidavit from an inmate, Bobby McGowan, who was incarcerated with defendant and who implicated himself and his dead brother in the murder of Spahr. The trial court denied defendant's motion, concluding defendant was not entitled to relief because he failed to allege the evidence was not available to him when he filed his initial motion for relief from judgment in 2014. The trial court also addressed the credibility of McGowan in relation to defendant's motion, stating: "McGowan is serving a life without parole sentence which offers him little risk in taking the fall for a crime to which he previously committed. Defendant has nothing to offer to corroborate McGowan's account of the crime." By concluding McGowan was not credible, the trial court denied defendant's motion.

Defendant sought leave to appeal the trial court's order, arguing the trial court abused its discretion when it concluded, without holding an evidentiary hearing, that McGowan's affidavit lacked credibility. In lieu of granting defendant's application, we vacated the order and remanded the matter for reconsideration. *People v Stewart*, unpublished order of the Court of Appeals, entered July 6, 2021 (Docket No. 357069). The Court provided the following instructions for the trial court on remand:

The trial court is directed on remand to consider whether relief is warranted under the four-part test for newly discovered evidence. See *People v Johnson*, 502 Mich 541, 566; 918 NW2d 676 (2018). In addressing the fourth prong of the analysis, the trial court must not base its decision on whether the trial court would find the

---

(Docket No. 357069) (peremptorily reversing trial court's order denying defendant's second motion for relief from judgment).

[3] In defendant's first motion for relief from judgment, he asserted that the trial court improperly closed the court room for witness testimony and his attorney rendered ineffective assistance for failing to object.

affiant credible, but rather, on whether a reasonable juror could find the affiant credible. *Id.* at 566-568. And, if a reasonable juror could find the testimony credible, the court must then "consider the impact of that testimony in conjunction with the evidence that would be presented on retrial. . . . [T]he trial court must consider the evidence that was previously introduced at trial." *Id.* at 571. If the trial court finds it necessary, it may order that an evidentiary hearing be held. MCR 6.508(C). [*Id.*]

On remand, the trial court again denied defendant's motion for relief from judgment—once more without holding an evidentiary hearing—concluding:

[T]he Court concludes that no reasonable juror could believe McGowan's claim that he was the real killer and acted independently of defendant. It is public information that McGowan is serving a life-without parole sentence, and that his brother, Derrick is deceased. As such, McGowan risks nothing by trying to accept responsibility for the crimes defendant was convicted of. Moreover, defendant has nothing to offer to corroborate McGowan's account. The [prosecution] contend[s], and this Court agrees, if such evidence were enough to merit a new trial, every prisoner in the Michigan Department of Corrections would ask for relief as soon as they found a lifer to confess to the crime.

Defendant again applied for delayed leave to appeal the trial court's denial of his motion for relief from judgment, which this Court granted. *People v Stewart*, unpublished order of the Court of Appeals, entered July 7, 2022 (Docket No. 360477).

## II. STANDARDS OF REVIEW

This Court "review[s] a trial court's decision on a motion for relief from judgment for an abuse of discretion . . . ." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *Id.* "A trial court's factual findings are reviewed for clear error." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id.* (quotation marks and citation omitted). This Court also "reviews de novo the trial court's interpretation of court rules." *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021).

## III. ANALYSIS

## A. POSTCONVICTION RELIEF

Defendant argues he is entitled to postconviction relief because the substantive issue raised in his successive motion for relief from judgment involved newly discovered evidence. Defendant contends the trial court abused its discretion by failing to first determine whether the newly discovered evidence presented in defendant's successive motion for relief from judgment was credible. While we do not conclude, at this stage of the proceedings, that defendant is entitled to the postconviction relief and thus a new trial, we do agree with defendant that the trial court abused its discretion when it concluded that McGowan's affidavit lacked credibility apparently and merely

because it was from an inmate serving a life sentence. Accordingly, we must vacate the trial court's order and remand once again for reconsideration.

MCR 6.500 *et seq*. governs the procedures for postappeal relief from a criminal conviction and is the exclusive means to challenge a conviction once a defendant has exhausted the normal appellate process. *People v McSwain*, 259 Mich App 654, 678; 676 NW2d 236 (2003). Typically, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). However, under MCR 6.502(G)(2)(b), a defendant may file a second or subsequent motion for relief from judgment "based on a claim of new evidence that was not discovered before the first motion was filed." Under MCR 6.508(D)(3),[4] however, the trial court may not grant relief if the motion alleges grounds "that could have been previously raised, unless the defendant demonstrates both good cause for failing to raise such grounds earlier as well as actual prejudice." *Johnson*, 502 Mich at 565.

In defendant's first motion for relief from judgment, filed in 2014, he asserted that the trial court improperly closed the court room for witness testimony and his attorney rendered ineffective assistance for failing to object. That motion was denied, and this Court denied defendant's application for leave to appeal. *People v Stewart*, unpublished order of the Court of Appeals, entered February 25, 2015 (Docket No. 324437). In his subsequent motion for relief from judgment, defendant submitted an affidavit from McGowan, which was dated October 3, 2018. Although the prosecutor and trial court speculated defendant knew of McGowan's claims when he filed his first motion for relief from judgment in 2014, there was no evidence presented that defendant knew of McGowan's claims before 2018. Accordingly, the affidavit constitutes new evidence that, on the basis of the record before us, appears was not discoverable before his first motion for relief from judgment in 2014. See MCR 6.502(G)(2)(b). Therefore, MCR 6.508(D)(3) does not bar the newly discovered evidence regarding McGowan's statements in his affidavit. See *Johnson*, 502 Mich at 565.

Because defendant has filed a successive motion on the basis of newly discovered evidence, he is entitled to a new trial only if he can establish the following four elements:

> (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using

---

[4] Under MCR 6.508(D)(3), a trial court may not grant relief from judgment if the defendant's motion

> alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> > (b) actual prejudice from the alleged irregularities that support the claim for relief.

reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*Id*. at 566 (quotation marks and citation omitted).]

The trial court did not address the first three factors to determine whether defendant was entitled to a new trial and we have little trouble concluding, on the basis of the record before us, that McGowan's affidavit satisfies the first three. The evidence presented was newly discovered because McGowan's affidavit did not exist until October 3, 2018, well after defendant's first motion for relief from judgment, and there is no evidence in the record to suggest otherwise. Additionally, the evidence is not merely cumulative because the statements in the affidavit—that McGowan and his brother were responsible for the shooting—were not introduced at trial. Further, there is no evidence defendant could have obtained this information for his trial through reasonable diligence, as he purportedly only learned of McGowan's involvement after he became incarcerated with McGowan after his trial. Accordingly, defendant would be entitled to relief if the new evidence, i.e., McGowan's testimony, would make a different result probable on retrial. See *id*.

"In order to determine whether newly discovered evidence makes a different result probable on retrial, a trial court must first determine whether the evidence is credible." *Id*. at 566-567. The *Johnson* Court explained:

> In making this assessment, the trial court should consider all relevant factors tending to either bolster or diminish the veracity of the witness's testimony. A trial court's function is limited when reviewing newly discovered evidence, as it is not the ultimate fact-finder; should a trial court grant a motion for relief from judgment, the case would be remanded for *retrial*, not dismissal. In other words, a trial court's credibility determination is concerned with whether a *reasonable juror* could find the testimony credible on retrial.
>
> * * *
>
> If a witness's lack of credibility is such that *no* reasonable juror would consciously entertain a reasonable belief in the witness's veracity, then the trial court should deny a defendant's motion for relief from judgment. However, if a witness is not patently incredible, a trial court's credibility determination must bear in mind what a reasonable juror might make of the testimony, and not what the trial court itself might decide, were it the ultimate fact-finder. [*Id*. at 567-568 (citations omitted).]

In this case, the trial court abused its discretion when it concluded no reasonable juror could believe McGowan was credible simply because he was serving a life sentence without the possibility of parole. The trial court concluded "no reasonable juror could believe McGowan's claim that he was the real killer and acted independently of defendant." The trial court noted that McGowan is serving a life sentence, that his brother—the other purported perpetrator—was deceased, and noted "defendant has nothing to offer to corroborate McGowan's account." In other words, the trial court concluded because McGowan is serving a life sentence and "has nothing to lose" by confessing to the murder, no reasonable juror would believe him. This fact alone is insufficient to conclude McGowan could never be found credible by any reasonable juror, and we cannot countenance a categorical rule that would deny a potentially-innocent defendant from

obtaining postconviction relief simply because the actual perpetrator was already serving a life sentence.[5] Thus, because the trial court relied on improper reasoning and failed to "consider all relevant factors tending to either bolster or diminish the veracity of the witness's testimony," see *Johnson*, 502 Mich at 567, we vacate the trial court's order and remand for reconsideration consistent with this opinion.

## B. REASSIGNMENT

Defendant also contends that should the court agree with him, the matter must be reassigned to a new trial judge on remand. We agree.

MCR 2.003(C)(1) states, in relevant part:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [MCR 2.003(C)(1)(a), (b) (alteration in original).]

"A case should be assigned to a different judge if it would be unreasonable to expect the trial judge, given her handling of the matter, to be able to put previously expressed findings out of mind without substantial difficulty." *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998).

This matter was previously before us in Docket No. 357069. In the trial court's first opinion and order, the trial court denied defendant's motion, concluding: "McGowan is serving a life without parole sentence which offers him little risk in taking the fall for a crime to which he

---

[5] This is not to say that the trial court may not inquire into the motivations behind McGowan's purported confession. However, simply concluding that McGowan could never be found credible by a reasonable juror as a result of his incarcerated status is not, standing alone, a sufficient reason to deny defendant's motion. In *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003), for example, the Michigan Supreme Court concluded the trial court did not abuse its discretion when it denied the defendant's motion for postconviction relief on the basis of a third-party confessor because the purported confessor's testimony "sharply deviated from the established facts regarding the crime . . . ." The Supreme Court also noted that the confessor admitted to others he fabricated the claim, had incentives to lie, and refused to provide details of the murder during the defendant's evidentiary hearing. *Id*. at 693. Taken together, these factors diminished the purported confessor's credibility to such an extent that the trial court did not abuse its discretion when it denied the defendant's motion. *Id*. at 693-694.

previously committed. Defendant has nothing to offer to corroborate McGowan's account of the crime." This Court vacated the trial court's order and remanded the matter, instructing the trial court reconsider defendant's motion for relief from judgment under the correct framework under *Johnson*. *People v Stewart*, unpublished order of the Court of Appeals, entered July 6, 2021 (Docket No. 357069).

On remand, the trial court again denied defendant's motion, using the same reasoning but this time couching it in terms of what a "reasonable juror" would conclude:

> Considering the above, the [c]ourt concludes that no reasonable juror could believe McGowan's claim that he was the real killer and acted independently of defendant. It is public information that McGowan is serving a life-without parole sentence, and that his brother, Derrick is deceased. As such, McGowan risks nothing by trying to accept responsibility for the crimes defendant was convicted of. Moreover, defendant has nothing to offer to corroborate McGowan's account. The [prosecution] contend[s], and this [c]ourt agrees, if such evidence were enough to merit a new trial, every prisoner in the Michigan Department of Corrections would ask for relief as soon as they found a lifer to confess to the crime.

Defendant's motion has been before this particular judge twice and both times the trial court's analysis was the same: McGowan was not credible because he was already serving a life sentence. It is, therefore, unreasonable to expect the trial court judge to be able to put previously expressed findings out of mind without substantial difficulty were we to remand the case to that judge for the third time. Accordingly, on remand, the matter must be reassigned to a new judge. See *Pillar*, 233 Mich App at 270-271.

We vacate and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood