*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 1, 2024

v

GARY EUGENE NICOLL,

        Defendant-Appellant.

No. 366489
Menominee Circuit Court
LC No. 2018-004000-FH

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Defendant Gary Eugene Nicoll appeals by leave granted[1] his probation violation conviction and sentence. In 2019, Nicoll pleaded guilty to unlawfully driving away an automobile (UDAA), MCL 750.413, and the trial court sentenced him to three years' probation with 12 months in jail. Following a probation-violation hearing, the trial court revoked Nicoll's probation on the basis of his commission of new offenses. The primary evidence on which the trial court relied was testimony about a police report documenting the fact of his arrest. The trial court revoked Nicoll's probation and sentenced him to a term of 30 to 60 months' imprisonment, to be served consecutively to the sentences imposed for the charges in the new case that stemmed from the same conduct. On appeal, Nicoll argues that the police report and fact of his arrest was insufficient evidence to support the trial court's finding that a probation violation occurred. He also argues that the trial court violated his due process rights by holding the violation hearing over Zoom video conference. We agree on both issues. We vacate and remand to the trial court for a new probation-violation hearing.

## I. BACKGROUND

This case arises out of Nicoll's alleged probation violation, the facts of which formed the basis of a new criminal case, which was submitted contemporaneously with this case in Docket

---

[1] *People v Nicoll*, unpublished order of the Court of Appeals, entered August 7, 2023 (Docket No. 366489).

No. 364695. As stated, in 2019, Nicoll pleaded guilty pursuant to a plea agreement, and the trial court sentenced him to a term of probation. The terms and conditions of his probation prohibited him violating any criminal law.

In September 2022, Nicoll's probation officer filed a request and summons for an alleged probation violation. The probation officer alleged that in March 2022, Nicoll "violated criminal law when he was arrested for the offenses, Resisting and Obstructing Police Officers and Flee[ing] and Eluding police." The probation violation was characterized as a new violation of law rather than a technical violation of failing to report the police contact to the probation department. Later that month, the trial court arraigned Nicoll on the probation violation summons, and Nicoll pleaded not guilty.

Nicoll, who was incarcerated on new charges related to the arrest,[2] exercised his right under MCR 6.445(C) to have a probation-violation hearing with 14 days of the arraignment. He also requested that the arresting officers be present as witnesses at his probation-violation hearing. The prosecution informed the trial court that the arresting officers would be at the probation-violation hearing.

In October 2022, the trial court conducted a contested probation-violation hearing over Zoom video conference. Nicoll was connected via video link from the Menominee County Jail. His counsel was connected via Zoom from another location. The trial court judge was present in the courtroom. The arresting officers were not present. At the start of the hearing, Nicoll objected to the remote nature of the hearing, and he objected to the absence of the officers who arrested him. Defense counsel reiterated his objections. The trial court overruled Nicoll's objections and concluded that any constitutional basis for allowing Nicoll to appear in person was inapplicable to a probation-violation hearing. The trial court also stated that it was the only way to have the hearing "within a timely manner" and that Nicoll rejected the option of having the hearing later, because the new charges related to the alleged violation were set for trial later that month. The trial court gave the defense the option to subpoena the arresting officers and continue the hearing at a later date. Defense counsel and Nicoll conferred and decided to continue with the hearing.

The only evidence that the prosecution presented at the probation-violation hearing was testimony from Nicoll's probation officer. The probation officer testified that he had been informed of Nicoll's arrest by the Sheriff's Department and had requested the police report from the arrest. He testified regarding the details of Nicoll's arrest, but he acknowledged on cross-examination that he had no knowledge of the charged conduct. The probation officer admitted that his probation violation allegation and testimony at the hearing were based on a police report from an arresting officer. The defense argued that the trial court could not conclude that Nicoll committed a probation violation based on the probation officer's testimony derived from a police report.

---

[2] The new charges stemming from this conduct ultimately resulted in his jury convictions, in the separate lower court file number 22-004437-FH, of one count of second-degree fleeing and eluding, MCL 257.602a(4)(b), and two counts of resisting and obstructing a police officer, MCL 750.81d(1).

The trial court disagreed and found Nicoll guilty of the alleged probation violation. The specific condition of his probation was that he did not violate any criminal law. The trial court found that the prosecution had proven by a preponderance of the evidence that Nicoll violated "three criminal laws" in March 2022, and found him guilty of the alleged probation violation.

Approximately 10 days later, a jury found Nicoll guilty of second-degree fleeing and eluding and two counts of resisting or obstructing a police officer, the offenses that constituted the basis for the alleged probation violation. Nicoll has appealed these convictions in Docket No. 364695, which is submitted with this case.

In December 2022, the trial court conducted a combined sentencing hearing for those convictions and Nicoll's probation violation. On the new case, the trial court sentenced Nicoll, as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 8 to 20 years' imprisonment for fleeing and eluding and 279 days in jail for both counts of resisting and obstructing. For Nicoll's probation violation sentence, the prosecution request that the court sentence Nicoll consecutively to create a general deterrent effect. The trial court agreed with the prosecution:

> I think I said everything that I feel about you, in general, Mr. Nicoll, and this case. I agree with [the prosecutor's] sentiments and your attorney on many of her points, that you have a lot of good qualities and your alcohol is your -- is your down fall. I agree with [the prosecutor's] statements that when we sentence someone on a probation violation if they are concurrent when the Court has discretion for them not to be, we are basically disregarding those probation violations and there are no consequences, there's no penalty anytime that you've sat, you get credit for on your underlying and so there's nothing additional for the violations in your probation.
>
> . . . I think that it's appropriate under the circumstances that you be sentenced to some time in excess of your jail credit. I think that it's appropriate that the sentence be consecutive.

The trial court revoked Nicoll's probation and sentenced him to serve 30 to 60 months in prison with credit for 652 days served. It also ordered that Nicoll's sentence be served consecutively with the sentences imposed in file number 22-004437-FH. This appeal followed.

## II. INSUFFICIENT EVIDENCE OF PROBATION VIOLATION

Nicoll argues that the trial court erred by finding that he violated the terms of his probation and by concluding that he did not have the right to appear in person at his probation-violation hearing. We agree.

We review a trial court's factual findings for clear error. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "The clear error standard asks whether the appellate court is left with a definite and firm conviction that a mistake has been made." *People v Manuel*, 319 Mich App 291, 303; 901 NW2d 118 (2017) (quotation marks and citation omitted). We further review a sentencing court's decision to revoke probation for an abuse of discretion. *People v Breeding*, 284 Mich App 471, 479; 772 NW2d 810 (2009). "Under this standard, an abuse of discretion

occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id.* (quotation marks, citation, and alteration omitted).

The trial court clearly erred by finding that Nicoll had violated the terms of his probation on the basis of his probation officer's testimony regarding the contents of a police report. "[T]he granting of probation is a matter of grace," and "[a]ll probation orders are revocable." See MCL 771.4(1) and (2). But under amendments to MCL 771.4 that were in effect at the time of Nicoll's sentence, the Legislature has provided that "revocation of probation, and subsequent incarceration should be imposed only for repeated technical violations, for new criminal behavior, . . . or upon request of the probationer." MCL 771.4(2), as amended by 2020 PA 397. "The decision to revoke probation is a matter within the sentencing court's discretion." *Breeding*, 284 Mich App at 479 (quotation marks and citation omitted).

"Hearings on the revocation must be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials." MCL 771.4(2). But the prosecution still "has the burden of proving a violation by a preponderance of the evidence." MCR 6.445(E)(1). "The evidence, viewed in a light most favorable to the prosecution, must be sufficient to enable a rational trier of fact to find a probation violation by a preponderance of the evidence." *Id.* "[P]robation may not be revoked solely on the basis that the probationer was arrested." *People v Pillar*, 233 Mich App 267, 269; 590 NW2d 622 (1998). "There must be verified facts in the record from which the court can find by a preponderance of the evidence that a violation was committed." *Id.* at 270.

The trial court's factual determination that Nicoll violated a criminal law was supported only by the testimony of Nicoll's probation officer, and that testimony was only based on a police report. The probation officer admitted on cross-examination that he was not present at the stop of Nicoll's vehicle that led to his arrest. The probation officer also admitted that the basis of his testimony was a police report created by one of the arresting officers. We have previously held that a probation officer's testimony concerning information derived from a police report is insufficient to establish "verified facts" in the record of a defendant's probation violation when the probation officer has no knowledge of the underlying conduct. See *Pillar*, 233 Mich App at 270. See also *Breeding*, 284 Mich App at 487. The trial court in this case found that Nicoll had violated the terms of his probation solely on the basis of the probation officer's testimony. This was clear error.

## III. PHYSICAL PRESENCE AT A VIOLATION HEARING

The trial court also erred by concluding that Nicoll did not have a right to be physically present in the courtroom at his probation-violation hearing. *Breeding*, 284 Mich App at 483. We review a preserved due-process claim de novo. *People v Jackson*, 292 Mich App 583, 590; 808 NW2d 541 (2011).

As indicated, "[h]earings on the revocation must be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials." MCL 771.4(2). However, "probationers also have certain due process rights at such a hearing because of the potential loss of liberty." *Breeding*, 284 Mich App at 483. While revocation of probation is not a stage of a criminal prosecution, a probationer's liberty interest brings them within the protection of the

Fourteenth Amendment and entitles them to certain due-process rights. *Id*. at 483-484. These rights include the "opportunity to be heard in person and to present witnesses and documentary evidence" at probation revocation hearings. *Id*. at 484 (quotation marks and citation omitted). The United States Supreme Court has articulated "the minimum requirements of due process" in parole revocations hearings, which include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) *opportunity to be heard in person* and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. [*Morrissey v Brewer*, 408 US 471, 488-489; 92 S Ct 1756; 36 L Ed 2d 656 (1973) (emphasis added).]

The Supreme Court later extended these due-process requirements to probation revocation hearings in *Gagnon v Scarpelli*, 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973). These rights have since been recognized and enforced by this Court. See *Breeding*, 284 Mich App at 484.

The trial court conducted Nicoll's contested probation-violation hearing over Zoom despite Nicoll's objections. The court determined that any constitutional basis for permitting Nicoll to appear in person was inapplicable at a probation-violation hearing, and it stated that Nicoll's demand to be physically present was inappropriate and "not obligatory or mandatory." Nicoll had a due-process right to appear in person at his probation-violation hearing. See *id*. Accordingly, Nicoll was not afforded the minimal due-process protections provided to probationers. See *id*. This provides a separate, independent basis for vacating the probation violation conviction and sentence.

## IV. CONCLUSION

Considering the trial court's errors, we conclude that it is necessary to vacate the trial court's order of probation violation and sentence and remand for a proper probation-violation hearing. See *Pillar*, 233 Mich App at 271. In light of our resolution of Nicoll's challenges to the sufficiency of the evidence and to the procedures employed at his probation-revocation hearing, we need not address the remainder of his challenges on appeal. We nonetheless caution the trial court to properly articulate particularized reasons for consecutive sentencing, *People v Norfleet*, 317 Mich App 649, 666; 897 NW2d 195 (2016), should it find a probation violation on remand.

We vacate and remand for a proper probation-violation hearing and any other appropriate proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young